UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEXTER MAIN and FRANCESCO D'AMELIO, individually and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SWEETHEARTS CANDY CO. LLC and ROUND HILL INVESTMENTS LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 18-11586 |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Dexter Main and Francesco D'Amelio, individually and on behalf of other similarly-situated former employees (the "Employees") of Round Hill Investments LLC ("Round Hill") and its affiliate, Sweethearts Candy Co. LLC ("SCCLLC") (Round Hill and SCCLLC together, the "Defendants") as the owner and operator of all of the assets and production of New England Confectionary Company ("NECCO"), bring this complaint to recover against Defendants for their failure to warn the Employees that Defendants would shut down production and terminate the Employees on July 24, 2018 (the "Shutdown"). The failure to give advance warning to the Employees of the Shutdown was in direct violation of the federal Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.*

**Jurisdiction and Venue**

1.　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), because Plaintiffs allege claims arising under the federal WARN Act.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1204(1)(5) because the claims herein arise out of conduct occurring in the District of Massachusetts.

## Parties

3. Plaintiff Dexter Main is an individual who resides in Lynn, MA and was employed at the NECCO facility in Revere, Massachusetts at the time of the Shutdown.

4. Plaintiff Francesco D'Amelio is an individual who resides in Revere, MA and was employed at the NECCO facility in Revere, Massachusetts at the time of the Shutdown.

5. Round Hill is, on information and belief, a Delaware limited liability company, with a principal office at 200 Greenwich Avenue, Greenwich, Connecticut.

6. SCCLLC is, on information and belief, a Delaware limited liability company, with a principal office at 200 Greenwich Avenue, Greenwich, Connecticut.

## FACTS

7. For over 150 years, NECCO's employees, based in Revere, Massachusetts, produced various iconic candies and confections.

8. On or about April 3, 2018, certain creditors of NECCO filed an involuntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts, in the case entitled In re New England Confectionary Company, Inc., Case No. 18-11217 (the "Bankruptcy Case").

9. On or about April 19, 2018, the Bankruptcy Case was converted to a proceeding under Chapter 11 of the Bankruptcy Code.

10. On or about May 23, 2018, NECCO's assets were auctioned in the Bankruptcy Case.

11. After an original high bidder backed out, the Chapter 11 Trustee considered additional final bids from the original bidders, including Round Hill.

12. On May 25, 2018, Round Hill submitted an executed asset purchase agreement for the assets of NECCO.

13. After additional negotiations, on or about May 31, 2018, Round Hill closed on the purchase of substantially all of the assets of NECCO.

14. On information and belief, on June 1, 2018, Round Hill formed Sweethearts Candy Co. LLC ("SCCLLC") to manage the NECCO operations and assigned its rights under the asset purchase agreement to SCCLLC.

15. On information and belief, SCCLLC is entirely controlled by and for the benefit of Round Hill.

16. Pursuant to the asset purchase, Round Hill also entered into a transition services agreement.

17. Pursuant to the transition services agreement, Defendants, through the debtor NECCO, continued to employ all of the then-employed NECCO employees to continue production operations at the Revere facility for Defendants' benefit.

18. On information and belief, Defendants were responsible for the payment of the Employees compensation, reimbursements and other benefits.

19. As of May 31, 2018, Round Hill and SCCLLC had taken control of NECCO's operations and employees.

20. Throughout the Bankruptcy Case and the acquisition by Round Hill, the Employees were consistently told that operations were continuing.

21. In fact, on information and belief, during the proceedings in the Bankruptcy Case, the lease of the Revere facility, originally set to terminate in August 2018, was extended through November 2018.

22. Neither Round Hill, SCCLLC nor NECCO provided the employees the requisite notice prior to the Shutdown.

23. On the afternoon of July 24, 2018, Defendants announced that they were ceasing production immediately.

24. On the afternoon of July 24, 2018, the Employees were informed that their employment was terminated effective at the close of business on July 24, 2018.

25. The Employees were told to return on Friday July 27, 2018 to collect their final paychecks.

26. On July 24, 2018, Round Hill issued the following statement:

**"Round Hill Investments was very excited to acquire Necco's historic brands and to be part of their national resurgence. After careful engagement and consideration, however, the firm decided to sell the brands to another national confection manufacturer and today announced the closure of the operations in Revere, Massachusetts."**

27. Round Hill and SCCLLC could have provided, but failed or refused to provide, any advance notice of the Shutdown.

*Defendants are an Employer and Caused a Mass Layoff*
*Within the Meaning of the WARN Act*

28. On and around the time of the Shutdown, and within the 60 days prior, Defendants employed more than 100 employees other than part-time employees, or more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, as defined in the WARN Act.

29. The Shutdown caused employment loss at the Revere facility during the preceding 30-day period of at least 33% of the Employees and more than 50 of the Employees, other than part-time workers.

30. Defendants caused a "plant shutdown" and/or "mass layoff" within the meaning of § 2101(a)(2) and (3) of the WARN Act.

31. Prior to the announcement of the Shutdown – which was effective immediately – Defendants failed to give its Employees notice of, and concealed any warning of, the Shutdown.

## Class Action Allegations

32. The plaintiffs bring this action individually and on behalf of a class of similarly-situated former employees.

33. Plaintiffs bring this action on their own behalf and on behalf of all other former employees who were terminated within 60 days of the Shutdown on July 24, 2018 (the "WARN Act Class").

34. The WARN Act Class is defined as: "All individuals employed by NECCO, Round Hill and/or SCCLLC at the Revere facility at the time and within 60 days prior to the Shutdown on July 24, 2018."

35. The members of the WARN Act Class, believed to be approximately 150 former employees, are so numerous that joinder of all WARN Act Class members is impractical.

36. There are issues of law and fact common to all WARN Act Class members. All WARN Act Class members have identical claims – namely that the Defendants failed to provide the required advance notice of the Shutdown and that each WARN Act Class member was terminated as a result of the Shutdown. The common questions of law and fact regarding the

Defendants' liability under the WARN Act predominate over any questions unique to individual WARN Act Class members.

37.     Plaintiffs' claims are typical of all members of the WARN Act Class, as all members of the class have the same claims and are seeking the same recoveries – 60 days backpay.

38.     Section 2104(a)(5) of the WARN Act expressly contemplates that claims will be brought on behalf of a class of similarly-situated former employees.

39.     The Plaintiffs and their counsel will fairly and adequately represent the interests of the WARN Act Class.

40.     A class action is a superior method of adjudicating the claims of similarly-situated employees because their claims have a common basis in law and fact and the relief sought is too small to warrant separate actions.

## COUNT I
## WARN Act Violations

41.     Plaintiffs repeat and re-allege all of the foregoing allegations as if fully set forth herein.

42.     Defendants engaged in a shutdown and/or mass layoff terminating the Warn Act Class without notice as required by the Warn Act.

43.     As a result, the Plaintiffs and the Warn Act Class suffered an employment loss as a result of the shutdown and/or mass layoff.

44.     Pursuant to Section 2104(a) of the WARN Act, Plaintiffs and the Warn Act Class are entitled to 60 days back pay and benefits, plus their attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter the following relief for Plaintiffs and all others similarly-situated:

(a) An order (1) certifying the WARN Act Class of similarly-situated individuals as outlined above, pursuant to Fed. R. Civ. P. 23, (2) appointing all Plaintiffs as class representatives of the WARN Act Class, and (3) appointing Plaintiffs' counsel as class counsel;

(b) Awarding damages in an amount to be determined at trial, representing 60-days back pay and reasonable costs and attorneys' fees;

(c) Awarding such other legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs on their own behalf and on behalf of the Warn Act Class request a trial by jury on all claims so triable.

> DEXTER MAIN and FRANCESCO D'AMELIO, individually and on behalf of all others similarly-situated,
>
> By their attorneys,
>
> /s/ Nicholas J. Rosenberg
> Nicholas J. Rosenberg (BBO No. 657887)
> Josh Gardner (BBO No. 657347)
> GARDNER & ROSENBERG P.C.
> 1 State Street, 4th Floor
> Boston, MA 02100
> Tel: 617-390-7570
> Fax: 617-972-7983
> nick@gardnerrosenberg.com

Dated: July 27, 2018