# RIEMER | BRAUNSTEIN

Paul S. Samson
psamson@riemerlaw.com
(617) 880-3555 direct
(617) 692-3555 fax

August 13, 2018

The Honorable Allison D. Burroughs
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

    Re:    New England Confectionery Co., Inc., Chapter 11, Case No. 18-11217 (MSH)

Dear Judge Burroughs:

    We represent Round Hill Investments LLC and Sweethearts Candy Co. LLC (together, "Defendants") in the above-captioned action. On behalf of Defendants and pursuant to L.R. 201, we respectfully request that this action be referred to the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") because it arises out of and relates to the facts and circumstances of the pending bankruptcy proceedings at *In re New England Confectionery Co., Inc.*, No. 18-11217-MSH (Bankr. D. Mass.).[1]

    In April 2018, New England Confectionary Company ("Debtor")—long-time manufacturer of NECCO Wafers and Sweethearts conversation hearts—filed for bankruptcy court protection in the United States Bankruptcy Court for the District of Massachusetts. The case, *In re New England Confectionery Company, Inc.*, Case No. 18-11217-MSH, was assigned to Chief Judge Melvin S. Hoffman, where it remains pending today. In May 2018, pursuant to an Order Approving and Authorizing Sale of Certain of the Estate's Assets Free and Clear of Any and All Liens, Claims, Encumbrances, and Other Interests and Granting Related Relief (Docket No. 285) (the "Sale Order"), Defendants purchased substantially all of NECCO's assets following an auction.[2] The Sale Order provided, among other things, that "[t]he Buyer shall have no obligations with respect to any liabilities of the Debtor or the Estate" and "Seller, on behalf of the Debtor and the estate, shall remain in compliance with all laws, rules, and regulations governing the . . . operating of the facility." This was consistent with agreements between Defendants and Debtor, also approved by the Bankruptcy Court, and incorporated into the Sale Order, that provided that Debtor would continue operating the facility and employing its workers through November 2018 and, further, would indemnify Defendants from any litigation

---

[1] Defendants submit this request by letter instead of motion based on the direction counsel received from a senior docketing clerk.

[2] A copy of the Sale Order is attached to this letter as Exhibit A.

August 13, 2018
Page 2

or other loss for any liability arising from the continued operations. On July 24, 2018, though, the facility was shut down and all employees were terminated. The facts and circumstances surrounding the shut-down of the facility and the disclosures Debtor made to Defendants in connection with the sale are the subject of a pending lawsuit in the Bankruptcy Court that was commenced on July 3, 2018. *Murphy v. Round Hill Investments LLC (In re New England Confectionery Co., Inc.)*, Adv. Pro. 18-01091-MSH (Bankr. D. Mass.). The Bankruptcy Court retained jurisdiction over all matters concerning the Sale Order and exclusive jurisdiction over any claims related to the Transition Services Agreement approved by the Bankruptcy Court (and attached to the Sale Order). *See* paragraph 18 of the Sale Order; Section 6.4 of the Transition Services Agreement.

On July 27, 2018, Plaintiffs commenced this suit against Defendants (but not the Debtor) alleging that Plaintiffs did not receive proper notice of the shut down and terminations under the Worker Adjustment and Retraining ("WARN") Act. Because the issues raised in this lawsuit are intertwined with the matters before the Bankruptcy Court, and arises out of and relates to that proceeding, including the agreements approved by the Bankruptcy Court, Defendants ask that this lawsuit be administratively transferred to that Court.

Local Rule 201 provides that, pursuant to 28 U.S.C. § 157(a), "any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 [, i.e., any case over which federal bankruptcy jurisdiction is proper,] shall be referred to the judges of the bankruptcy court for" this District. This case should be referred to the Bankruptcy Court because it "arises in" and is "related to" the pending NECCO bankruptcy proceedings:

- A case "arises in" a bankruptcy case when it "would have no existence outside of the bankruptcy." *In re Middlesex Pwr. Equip. & Marine Inc.*, 292 F.3d 61, 68 (1st Cir. 2002) (collecting case) (internal quotations marks omitted); *see also Heck-Dance v. Cardona-Jimenez*, 102 F. App'x 171, 172 (1st Cir. 2004) ("arising in" jurisdiction exists if case would not exist "but for" underlying bankruptcy). This case would not exist but for the underlying bankruptcy because the auction of the Debtor's assets and Defendants' purchase of those assets were governed by the Bankruptcy Code and required the approval of the Bankruptcy Court. And, as the allegations in the complaint show, this dispute grows out of and is inextricably intertwined with the facts and circumstances of Defendants' acquisition of the Debtor's assets in bankruptcy and the interpretation of the agreements incorporated into and approved by the Sale Order. (*See, e.g.*, Compl. [ECF 1] ¶¶ 8–13 (describing bankruptcy and asset purchase). Resolution of this dispute will require the interpretation of the Sale Order, over which the Bankruptcy Court expressly retained jurisdiction to resolve any disputes with respect to any matters related to or arising under the Sale Order, and interpretation of the Transition Services Agreement approved by the Bankruptcy Court and as to which the Bankruptcy Court retained exclusive jurisdiction.

August 13, 2018
Page 3

- "Related to" jurisdiction exists where an action "could conceivably have any effect on the estate being administered in bankruptcy[,]" "such as altering debtor's . . . liabilities." *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991). Among other implications this lawsuit has for the Debtor, Defendants have already asserted counterclaims against the Debtor in a separate adversary proceeding before the Bankruptcy Court for the Debtor's violation of the contractual arrangements approved in the Sale Order and to enforce Defendants contractual indemnification rights as a result of the costs incurred in connection with this action, which will necessarily affect the Debtor's obligations to its creditors. *See In re Gold*, 247 B.R. 574, 578 (Bankr. D. Mass. 2000) ("related to" jurisdiction satisfied where defendant has indemnification rights against estate even if debtor is not a named party).

- Moreover, while Plaintiffs did not name the Debtor as a defendant, Defendants anticipate joining the Debtor as a party to this dispute, because under the plain terms of the Transition Services Agreement and the Sale Order the Debtor remained Plaintiffs' employer in all respect and thus the Debtor, as their employer, is obligated to comply with the WARN Act. The Debtor is further obligated under the Sale Order and related documents to indemnify Defendant even assuming there is any WARN Act liability, which is disputed. Because of the automatic stay, however, Defendants can only join the Debtor as a defendant in an adversary proceeding before the Bankruptcy Court. Thus moving this case to the Bankruptcy Court will avoid confusion and multiple litigation.

Because this action satisfies the above tests for bankruptcy jurisdiction, referral to the bankruptcy court under L.R. 201 is proper. Thank you for your consideration of this request.

Very truly yours,

Paul S. Samson

PSS:agh

cc: Nicholas J. Rosenberg, Esq. (via e-mail nick@gardnerrosenberg.com)

2356675.1

## CERTIFICATE OF SERVICE

     I, Paul S. Samson, hereby certify that the foregoing *LETTER TO THE HONORABLE ALLISON D. BURROUGHS* filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated and non-registered participants, if any, on August 13, 2018.

                                            */s/ Paul S. Samson*
                                            Paul S. Samson

2357359.1