UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEXTER MAIN and FRANCESCO D'AMELIO, individually and on behalf of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO.: 18-11586-ADB |
| v. | ) ) | |
| SWEETHEARTS CANDY CO. LLC and ROUND HILL INVESTMENTS LLC, | ) ) ) | |
| Defendants. | ) ) | |

**OPPOSITION TO DEFENDANTS' REQUEST
FOR REFERENCE TO BANKRUPTCY COURT**

Plaintiffs Dexter Main and Francesco D'Amelio, individually and on behalf of other similarly-situated former employees (the "Employees"), oppose the letter request of defendants Round Hill Investments LLC ("Round Hill") and its affiliate, Sweethearts Candy Co. LLC ("SCCLLC") (together, the "Defendants"), to refer this case to the Bankruptcy Court.

The Employees brought this suit against Defendants for their violation of the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq*. The Employees allege that <u>after</u> Defendants purchased the assets of the New England Confectionary Company, Inc. ("NECCO"), Defendants made the independent decision to shut down operations and terminate the Employees in violation of the WARN Act.

Notably, none of the parties in this action are debtors in the bankruptcy proceedings, <u>In re New England Confectionary Co., Inc.</u>, No. 18-11217-MSH (Bankr. D. Mass.) (the "NECCO Bankruptcy"). All the conduct at issue in this case occurred after the purchase of the NECCO assets out of the NECCO Bankruptcy. This case involves Defendants' conduct separate and

apart from any matters governed by the NECCO Bankruptcy.  Indeed, there are no claims in this case against the Debtor or the Trustee.  Nor have the Employees been parties to the NECCO Bankruptcy.

## **ARGUMENT**

The Employees bring a single count against Defendants for the July 24, 2018 shutdown and termination of the Employees without notice in violation of the WARN Act.  Defendants' speculation that they may assert separate indemnification-type claims against the Debtor or Trustee in the NECCO Bankruptcy, has no bearing on, and no relation to, the existence or adjudication of the sole issue in this case – namely, whether Defendants violated the WARN Act.  Reference would not be proper because the adjudication of the Employees' claim against Defendants does not affect any bankruptcy matters.  Defendants cannot create an "effect on the administration of the estate," simply by stating that they might seek indemnification from the Debtor for Defendants' own liability to the Employees in this case.

Defendants conspicuously omit from their request any citation to the guiding case in this Circuit. In Gupta v. Quincy Med. Ctr., the First Circuit clearly articulated the bases for Bankruptcy Court jurisdiction over a claim for post-termination pay by employees against the purchaser of a debtor's business.  858 F.3d 657 (1st Cir. 2017).   In accordance with the holding in Gupta, the Employees' claim in this case does not meet any of the bases for bankruptcy court jurisdiction: the claims here are not "arising under" the Bankruptcy Code, or "arising in" or "related to" the NECCO Bankruptcy.  Id.

**A.     THE EMPLOYEES' WARN ACT CLAIM DOES NOT "ARISE UNDER" THE BANKRUPTCY CODE.**

"Proceedings 'arise under title 11' when the Bankruptcy Code itself creates the cause of action. Gupta, 858 F.3d at 662.  Here, the Employees' cause of action arises under the WARN

2

Act, not the Bankruptcy Code.  Accordingly, there can be no argument, and Defendants make no argument, that this action "arises under" the Bankruptcy Code. See id. at 664 ("claims do not 'arise under' title 11 because Massachusetts contract law, rather than the Bankruptcy Code, creates their cause of action.").

**B.     THE EMPLOYEES' WARN ACT CLAIM DOES NOT "ARISE IN" THE NECCO BANKRUPTCY.**

Defendants are wrong that this action "arises in" the NECCO Bankruptcy.  Defendants argue that "[t]his case would not exist but for the underlying bankruptcy…" (Def. Letter p. 2) (emphasis added).  Defendants misstate the law in this Circuit.  In Gupta, the First Circuit expressly rejected such a "but-for" analysis. 858 F.3d at 664–65 ("This argument misapprehends the relevant law…there is no 'but for' test for 'arising in' jurisdiction as Appellants suggest…it is not enough that Appellants' claims arose in the context of a bankruptcy case or even that those claims exist only because Debtors [] declared bankruptcy; rather, 'arising in' jurisdiction exists only if Appellants' claims are the type of claims that can only exist in a bankruptcy case."). See also, Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006) (actions "arise under Title 11" when "the Bankruptcy Code creates the right of action or provides the substantive right invoked"); Collier on Bankruptcy ¶ 3.01[3][e][iv] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) ("arising in" proceedings involve allowance and disallowance of claims, orders regarding dischargeability of debt and the confirmation of plans – matters that could not "have been the subject of a lawsuit absent the filing of a bankruptcy case.")

Here, the Employees' claims are not claims "that can only exist in a bankruptcy case." The Employees' claims are against a non-debtor, for non-debtor Defendants' conduct outside of the bankruptcy and after the sale of assets out of the Bankruptcy estate.  The Employees' claims apply regardless of where Defendants purchased the business at issue.  The fact that Defendants

may assert other claims in the bankruptcy or elsewhere for purported indemnification, does not make the WARN Act claim a bankruptcy claim.

**C.    THE EMPLOYEES' WARN ACT CLAIM DOES NOT "RELATE TO" THE NECCO BANKRUPTCY.**

As Defendants point out, in order to meet the "related to" test to confer jurisdiction on the Bankruptcy Court under 28 U.S.C. § 157(a), the action must conceivably have an effect on the estate in the Bankruptcy. For their argument, Defendants assert: (1) that "[a]mong other implications this lawsuit has for the Debtor, Defendants have already asserted counterclaims against the Debtor in a separate adversary proceeding…" and (2) that "Defendants anticipate joining the Debtor as a party to this dispute…." (Def. Letter, p. 3).

While Defendants speculate on what they might do, the fact remains that what the Defendants have done is bring counterclaims in the NECCO Bankruptcy after the filing of this action, and the Defendants concede that they are seeking to establish certain indemnification rights in that separate action. Defendants concede that whatever claims they would seek as crossclaims against the Debtor by way of joinder have not yet been brought. Nor do Defendants explain what claims those are that could not otherwise be brought in a separate action in the NECCO Bankruptcy. Neither of these separate matters means that <u>this action</u> has any effect on the administration of the Debtor's estate.

Consistent with the dicta relied on by Defendants in <u>In re Gold</u>, 247 B.R. 574 (Bankr. D. Mass 2000), more recent decisions have held that "an indemnification claim may, but does not necessarily, create 'related to' bankruptcy jurisdiction." <u>In re LTC Holdings, Inc.</u>, 587 B.R. 25, 36–37 (Bankr. D. Del. 2018), citing <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 995 (3d Cir. 1984) and <u>In re Federal-Mogul Global, Inc.</u>, 300 F.3d 368, 382 (3d Cir. 2002). Applying the test here, shows that there is no basis for "related to" jurisdiction.

"The Pacor test for 'related to' proceedings requires that any suit 'affect the bankruptcy proceeding without the intervention of another lawsuit [and thus] there is no related-to jurisdiction over a third-party claim if there would need to be another lawsuit before the third-party claim could have any impact on the bankruptcy proceedings." Id.  Accordingly, "if the indemnification is contingent on a factual finding in an action not involving the bankruptcy debtor and requires the commencement of another lawsuit to establish that right, there is no effect on the bankruptcy estate and thus no 'related to' jurisdiction."  LTC Holdings, 587 B.R. at 37.  As articulated by the Court in LTC Holdings:

> Pacor, Federal–Mogul, and associated cases ask the Court to consider two key questions: "(1) does the action against the party seeking indemnification automatically result in debtor's liability for indemnification; and (2) is a subsequent lawsuit against the debtor required prior to a determination of indemnification?"  An indemnification provision will not create "related to" jurisdiction when the answer to the first question is no or the answer to the second is yes.

Id.

In this case, both the answer to the first question is No, and the answer to the second question is Yes.  As to (1), Defendants argue that a purchase agreement entitles them to contractual indemnification by the Debtor, but concede that that matter must be resolved through litigation – the adjudication of this action will not result in any "automatic" right to indemnification.  As to (2), Defendants in fact concede that after the filing of this action, they brought counterclaims in a separate action in the NECCO Bankruptcy for indemnification and may seek additional claims against the Debtor.  Clearly, and by Defendants' own stated facts, the Defendants must pursue separate claims in another action to establish any purported indemnification rights.

Because (1) the filing of this action does not "automatically result in Debtor's liability" and (2) "a subsequent lawsuit against the debtor [is] required prior to a determination of

5

indemnification," in accordance with the holdings in Pacor and related cases, there is no related-to jurisdiction. LTC Holdings, Inc., 587 B.R. at 37; see In re Fed.-Mogul Glob., Inc., 300 F.3d at 382 (party's broad "reading of the word 'conceivable' ignores the precise holding of *Pacor* where, despite the seemingly broad language of the opinion, we found no 'related to' jurisdiction for the [lawsuit] because the outcome of that lawsuit could not result 'in even a contingent claim' against the debtor []; rather, 'an entirely separate proceeding to receive indemnification' would have been required.")

## CONCLUSION

This case does not meet the "arising under," "arising in" or "related to" test for jurisdiction of the Bankruptcy Court or reference under L.R. 201.  Defendants' request for reference of this matter pursuant to L.R. 201 should be denied.

          DEXTER MAIN and FRANCESCO
          D'AMELIO, individually and on behalf of
          all others similarly-situated,

          By their attorneys,

          /s/ Nicholas J. Rosenberg
          Nicholas J. Rosenberg (BBO No. 657887)
          Josh Gardner (BBO No. 657347)
          GARDNER & ROSENBERG P.C.
          1 State Street, 4th Floor
          Boston, MA 02100
          Tel: 617-390-7570
          Fax: 617-972-7983
          nick@gardnerrosenberg.com

Dated:  August 20, 2018

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 20, 2018.

                                                  /s/ Nicholas J. Rosenberg